**Leroy C. GIPSON, Jr., Plaintiff,**

v.

**SUPREME COURT OF NEW JERSEY et al., Defendants.**

**Civ. A. No. 76–495.**

United States District Court,
D. New Jersey.

July 21, 1976.

Haines, Schulze, Wood & Tapper, by Martin L. Haines, Mount Holly, N. J., for plaintiff.

William F. Hyland, Atty. Gen. of N. J., by Erminie L. Conley, Deputy Atty. Gen., Trenton, N. J., for defendants.

Before ALDISERT, Circuit Judge, and FISHER and MEANOR, District Judges.

PER CURIAM.

The plaintiff, a member of the New Jersey bar, is currently under a temporary suspension by order of the New Jersey Supreme Court dated March 12, 1976. The suspension resulted from his failure to respond to a subpoena issued by the Union County Ethics Committee on June 4, 1975. Claiming, among other things, federal constitutional infirmities underlying this suspension, plaintiff seeks the immediate relief of reinstatement. In addition, a broadside constitutional attack is made on the New Jersey system of attorney discipline. The case is said to arise under the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983. Jurisdiction is asserted to exist in this court pursuant to 28 U.S.C. § 1331 and § 1343(3) and (4). Since specific relief was sought, on federal constitutional grounds, restraining the enforcement of New Jersey Supreme Court rules of statewide application, this three-judge court was convened pursuant to 28 U.S.C. § 2281 and § 2284.

On December 4, 1974, the Ethics Committee issued a three-count statement of charges against plaintiff. These charges refer to the handling of several personal injury cases. In each it is asserted that plaintiff, after settling the matters, withheld the amounts of unpaid medical expenses and did not fulfill his obligation to make payment to the respective payees. In one instance it is said that plaintiff withheld an amount in excess of the medical obligations owed.

After service of the subpoena and an intervening motion by plaintiff for a change of venue, which was denied, plain-

tiff appeared before the Union County Committee in response to the subpoena on December 2, 1975. Although plaintiff produced some records, he did not comply. It appeared that plaintiff had not properly maintained a trust account and the other records required by R. 1:21–6. When it was suggested that plaintiff's income tax returns would provide a source from which his records could be reconstructed, plaintiff admitted not having filed tax returns. Plaintiff agreed to engage in the task of reconstruction, but at present still has not complied with the subpoena. Finally, pursuant to an order to show cause returnable February 24, 1976, the New Jersey Supreme Court issued the order of temporary suspension that precipitated this suit. It is quite clear from that order that it was designed to coerce compliance with the subpoena, and did not represent an imposition of discipline. The order states:

> . . . respondent, LEROY C. GIPSON, JR., may make application for reinstatement upon certification to this Court by the Union County Ethics Committee of its receipt of those materials, or satisfactory reconstruction thereof, made the subject of its subpoena duces tecum served upon respondent June 6, 1975.

. . .

■ The New Jersey system of attorney discipline was described in detail recently. *In re Logan,* 70 N.J. 222, 358 A.2d 787 (1976). The imposition of discipline is exclusively within the jurisdiction of the New Jersey Supreme Court. It, and it alone, has the power in such matters to find facts, make conclusions of law, and decide upon the proper punishment. In performing this function, the Supreme Court utilizes county ethics committees, which perform preliminary investigations, issue complaints where appropriate, hold hearings and make recommended findings and conclusions. If the committee findings are adverse to the respondent before it, a presentment is prepared and submitted to the Supreme Court. In the usual case, the Supreme Court then issues an order to show cause, and the matter is argued before it by an attorney for the presenting committee

and the respondent. The Supreme Court then makes its findings and conclusions and either discharges the order to show cause or imposes discipline. The function of an ethics committee is advisory only; it has no power to discipline. As the New Jersey Supreme Court put it: "(T)hese committees are agents of the Supreme Court." *In re Logan,* supra, 70 N.J. at 225, 358 A.2d at 788.

This plaintiff's matter remains pending before the Union County arm of the Supreme Court and seems to be currently quiescent awaiting his compliance with the subpoena and the outcome of this case. Thus we have an ongoing proceeding before the New Jersey Supreme Court, acting through its county committee agent, with which we are asked to interfere.

■ It should be plain by now that interference with a current state judicial proceeding represents one of the most delicate functions a federal court can be asked to perform. It is a trite truism that the state courts owe to the federal constitution a fidelity equal to that of the federal courts. It would be wholly inappropriate in a federal system for the federal courts to denigrate the state judiciary by piecemeal interference in their cases whenever federal constitutional issues arise. The proper allocation of judicial power within our federalism compels application of the principle of noninterference here. This important doctrine, having its genesis in a necessary respect for legitimate state functions and requiring the utmost restraint on the part of federal courts, is thoroughly explored in *Huffman v. Pursue, Ltd.,* 420 U.S. 971, 95 S.Ct. 1200, 42 L.Ed.2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

We are not alone in applying the principle of noninterference to disciplinary matters. The Second Circuit consistently has done so. *Anonymous v. Association of the Bar of the City of N. Y.,* 515 F.2d 427 (2nd Cir.), cert. denied, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Anonymous J. v. Bar*

*Association of Erie County,* 515 F.2d 435 (2nd Cir.), cert. denied, 423 U.S. 840, 96 S.Ct. 70, 46 L.Ed.2d 60 (1975); *Erdman v. Stevens,* 458 F.2d 1205 (2nd Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). These cases, with which we agree, provide ample precise authority for the action we take.

There are few immutable legal doctrines, and noninterference is not one of them. *Younger* itself adverts to the potentiality of exceptions. 401 U.S. at 53, 91 S.Ct. 746. These would include a state proceeding in the face of patent unconstitutionality, one that was being prosecuted in bad faith, or that was motivated solely by a desire to harass. Plaintiff, however, fails in his attempt to elevate his case into a justifiable exception to the principle of noninterference. Many such arguments are made. We will, however, mention only those deemed worthy of some discussion.

■ Bad faith, it is said, is demonstrated by the fact that no Supreme Court rule provides for the remedy of temporary suspension from practice as a coercive tactic to obtain compliance with a subpoena from a respondent attorney. The rules do provide that a subpoena of an Ethics Committee may be enforced by a contempt proceeding in the Superior Court. R. 1:20–6(b). The rules also provide for their own relaxation under appropriate circumstances. R.1:1–2. The alternative to plaintiff's suspension would be contempt in aid of a litigant. R. 1:10–5. This would entail coercive confinement or cumulative fining in order to compel compliance. Such relief would be self-defeating. If confined, plaintiff would be in no position to reconstruct his records and cumulative fines, since plaintiff claims to be in dire financial circumstances, would deprive him of the funds he needs for accounting aid. The Supreme Court has exercised the flexibility provided by its own rules, and we cannot say that that exercise gives rise to a constitutional issue of sufficient importance to merit our interference with plaintiff's ongoing disciplinary proceeding.

■ Plaintiff's allegations of personal bias on part of certain members of the Union County committee do not reach the level of the clearly demonstrated personal financial interest in the outcome that existed in *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). Again, we cannot say that this contention, having as it does only a constitutional coloration, presents such a flagrant defect that it should cause the principle of deference or noninterference to give way. And the contentions that the proceedings are constitutionally impermissible because the Supreme Court, acting through its ethics committees, is "Complainant, Investigator, Prosecutor, Judge and Jury" and because there is no appeal from a Supreme Court decision in a disciplinary matter, are adequately answered by *In re Logan,* supra, and *Mildner v. Gulotta,* 405 F.Supp. 182 (E.D.N.Y.1975) (three judge court) affirmed 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976).

Finally, citing *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) for the proposition that deference to state adjudication is not required when no state proceeding is pending, plaintiff argues that his suspension is final, not temporary, and therefore there is no impediment to a meritorious resolution here.

There can be no doubt that there exists a current disciplinary matter involving plaintiff. As noted above, plaintiff's noncompliance with the subpoena and the pendency of this action have lulled that proceeding. It must be remembered that plaintiff has never professed the impossibility of compliance. If plaintiff persists in refusing to obey the subpoena's commands, the time will arrive on some future day when the coercive effect of the suspension ceases. Cf. *Catena v. Seidl,* 68 N.J. 224, 343 A.2d 744 (1975). Plainly, that day has not yet come. When it does, if it ever does, we are confident that the New Jersey Supreme Court will meet it with a constitutionally sufficient response.

For the foregoing reasons the complaint will be dismissed.