**Jerome B. ROSENTHAL, Esq., Plaintiff-Appellant,**

v.

**Joseph L. CARR, Defendant-Appellee.**

No. 76–1917.

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1980.

Jerome B. Rosenthal, pro se.

Robert M. Sweet, San Francisco, Cal., for defendant-appellee.

---

Before WRIGHT, SNEED and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Jerome Rosenthal appeals the dismissal of his suit brought under 42 U.S.C. § 1983 to enjoin Joseph Carr, the Trial Examiner for the California State Bar, from proceeding with a disciplinary action filed against Rosenthal until the State Bar appoints counsel to represent him. We affirm.[1]

Appellant Rosenthal is a California attorney against whom disciplinary proceedings are pending before the State Bar. Formal hearings were scheduled to commence, and did commence, on March 17, 1976. Appellee Carr is acting as the State Bar's "Trial Examiner" for the purpose of prosecuting the proceedings against Rosenthal. Prior to the commencement of the formal hearings, Rosenthal applied to the State Bar for appointment of counsel to represent him alleging 1) that he was financially unable to retain counsel and 2) that his health prevented him from being able to adequately represent himself. The State Bar denied the application and the Supreme Court of California denied *interim review.*

On February 26, 1976, Rosenthal filed this suit for preliminary and permanent injunctions and for declaratory relief under 42 U.S.C. § 1983. He seeks to enjoin Carr from proceeding with the disciplinary hearings until the State Bar appoints counsel to represent him. On March 12, 1976, Rosenthal filed a motion for a temporary restraining order and for a preliminary injunction. On March 16th, at the hearing on the motion, the trial court dismissed Rosenthal's entire case with prejudice.

■■■ The district court's dismissal was proper. The abstention doctrine, as announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and extended in *Huffman v. Pursue, Ltd.,* 420

U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), bars a federal court from enjoining pending state court criminal or civil enforcement proceedings absent exceptional circumstances. We agree with decisions of the Second, Third and Fourth Circuits that the abstention doctrine generally precludes federal court interference with pending state attorney disciplinary proceedings. *Anonymous v. Association of the Bar of City of New York,* 515 F.2d 427 (2d Cir.), *cert. denied,* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Erdmann v. Stevens,* 458 F.2d 1205 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972); *Gipson v. New Jersey Supreme Court,* 558 F.2d 701 (3d Cir. 1977); *American Civil Liberties Union v. Bozardt,* 539 F.2d 340 (4th Cir.), *cert. denied,* 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976). *See also Mildner v. Gulotta,* 405 F.Supp. 182 (E.D.N.Y.1975), *aff'd sub. nom. Levin v. Gulotta,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976). Rosenthal's complaint and supporting papers do not allege such special circumstances as would make federal relief appropriate.

Rosenthal contends that the district court erred in failing to give him notice that it was considering dismissing his entire case at the hearing on his motion for a preliminary injunction. Rosenthal however, has pointed to no allegations or evidence which he would have developed at trial that would alter our determination that dismissal was proper. *See* F.R.Civ.P. 65(a)(2); *Atlantic Richfield Co. v. FTC,* 546 F.2d 646 (5th Cir. 1977).

Affirmed.

---

1. At the conclusion of oral argument on December 6, 1979, the court affirmed the judgment of the district court with a notation that this opinion would follow.