651 F.2d 154
 GARDEN STATE BAR ASSOCIATION and The New Jersey Association
of Black Women Lawyers, both corporations organized under
the laws of the State of New Jersey; National Conference of
Black Lawyers, a corporation organized under the laws of the
District of Columbia; and Lennox Hinds, Appellants,
v.
MIDDLESEX COUNTY ETHICS COMMITTEE, an agency established by
the Supreme Court of New Jersey.
 No. 80-1224.
 United States Court of Appeals,
Third Circuit.
 May 12, 1981.
 
 Morton Stavis, Newark, N.J., for appellant.
 Mary Ann Burgess, Deputy Atty. Gen., Trenton, N.J., for appellee.
 SUR PETITION FOR REHEARING
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, JAMES HUNTER III, WEIS, HIGGINBOTHAM and SLOVITER, Circuit Judges.*
 SLOVITER, Circuit Judge.
 The petition for rehearing filed by Appellee, Middlesex County Ethics Committee, in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.
 SEITZ, Chief Judge, and ALDISERT, JAMES HUNTER III, and WEIS, Circuit Judges, would grant rehearing.
 SUR PETITION FOR REHEARING BEFORE PANEL
 Before ADAMS, WEIS and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Appellee has filed a Petition for Rehearing which appends thereto an affidavit by Stephen W. Townsend, Clerk of the Supreme Court of New Jersey. That affidavit states (1) that the Supreme Court of New Jersey, upon notification that its action would not violate the existing stay in this matter, will bring the constitutional claim of Lennox Hinds directly before it by directing a hearing by the Middlesex District Ethics Committee if further factual findings are necessary to permit the adjudication of the constitutionality of DR 1-102 and DR 7-107(D) or, if no hearing is required, by directing the accelerated filing of briefs and oral argument before the Supreme Court, and (2) that the Supreme Court decided on March 9, 1981 to determine the desirability of formalizing in R.1:20 "the procedures which have heretofore enabled respondents in disciplinary actions to raise constitutional questions."
 
 
 2
 We assume, without deciding, that we may properly consider that affidavit which contains facts dehors the record in ruling on the Petition for Rehearing. But see In re Sugar Antitrust Litigation, 579 F.2d 13, 19 (3d Cir. 1978). We decline to grant the petition. In our decision in this case, we held that the dismissal of plaintiffs' federal action was based on the erroneous premise that abstention was required under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We found that abstention was inappropriate because the proceeding before the Ethics Committee, which was the only state proceeding then underway, did not guarantee to Hinds the requisite opportunity to make his federal constitutional arguments. Mr. Townsend's affidavit does not show otherwise.
 
 
 3
 We will not repeat any of the discussion set forth in our prior opinion but will confine ourselves to the new matters raised in the Petition for Rehearing. We have recently held that in reviewing a district court decision to abstain, the relevant facts are those which existed at the time of the district court's decision. Kennecott Corp. v. Smith, 637 F.2d 181, 186 (3d Cir. 1980). Therefore, we must focus on the rules and procedures which were in fact available to Hinds at that time. The Petition for Rehearing does not refer us to any Rule of the Supreme Court of New Jersey which would have insured judicial consideration of Hinds' constitutional claim at the time the complaint was filed in the district court. Instead, it refers us to the decision of the Supreme Court of New Jersey in In re Logan, 70 N.J. 222, 358 A.2d 787 (1976), where the court referred to motions apparently made before it by the respondent during the course of the disciplinary proceedings. Id. at 229, 358 A.2d 787. The opinion in that case does not explain the nature of these motions nor the procedure by which they were considered by the court before the conclusion of the preliminary decision by the then County Ethics Committee. It does appear that the preliminary matters raised by motion and considered by the Supreme Court were not directed to the merits of the constitutional due process issue which the Supreme Court considered in conjunction with its consideration of the presentments after the conclusion of the proceedings before the County Ethics Committee.
 
 
 4
 In any event, while the Supreme Court of New Jersey might now interpret its rules to permit it sua sponte to certify a disciplinary matter before it, see R.2:12-1, such discretionary action by the court is not the equivalent of an established procedure whereby an attorney may obtain a judicial determination of his or her constitutional claim before being required to undergo disciplinary proceedings before two tiers of ethics committees. The absence of an established mechanism is manifested by the Townsend affidavit which states the Supreme Court will now undertake to consider whether such a procedure should be formalized.
 
 
 5
 Judge Weis, in his dissenting opinion Sur Denial of Rehearing, suggests that this case should be dismissed as moot because the Townsend affidavit "establishes that the state supreme court is now prepared to promptly hear and rule on the Hinds case." We believe this represents a misinterpretation of the doctrine of mootness. That doctrine is derived from the "case or controversy" requirements of Article III of the Constitution which underlies justiciability. In considering whether a controversy has become moot, the courts have focused on the effect of intervening events on the merits of the controversy. The test for mootness requires us to determine if there is no reasonable expectation "that the alleged violation will recur" and that interim events have completely and irrevocably eradicated the effects "of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).
 
 
 6
 In this case the merits of the underlying controversy relate to the two disciplinary rules which have been challenged as unconstitutional both on their face and as applied to Hinds. No action on the merits of this claim has been taken by the New Jersey court. Thus, the doctrine of mootness is inapplicable.
 
 
 7
 A recent in banc decision of this court touches upon some of the same considerations raised by the petition for rehearing in this case. In Finberg v. Sullivan, 658 F.2d 93 (3d Cir. 1981), we declined to vacate our opinion holding the Pennsylvania post-judgment garnishment procedures did not comport with due process, although the Pennsylvania Supreme Court revised those procedures to conform to the requirements enunciated in our opinion. In both the Finberg case and the present case, the state supreme courts proceeded to act with commendable dispatch following receipt of our respective opinions. Nonetheless, such actions cannot serve as the basis for vacating our judgments and depriving them of their precedential value. Furthermore, in this case, unlike Finberg, there has been no action taken by the Supreme Court of New Jersey to rescind the rules which have been challenged as unconstitutional and therefore the issue of mootness, rejected in Finberg, is simply inapplicable here.
 
 
 8
 In our original opinion in this case, we expressly noted that we did not reach the issue of the propriety of dismissal on abstention grounds of the plaintiff organizations who were not parties to the state disciplinary proceedings. Garden State Bar Association v. Middlesex County Ethics Committee, 643 F.2d 119 at 130 (3d Cir. 1981). Since that time, this court has held that abstention is improper with respect to such parties. New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education, 654 F.2d 868 at 881 (3d Cir. 1981). Judge Weis recognizes the precedential effect of that decision but concludes that plaintiff organizations present only a claim derivative of that of Hinds. However, there has been no district court or appellate court consideration of the issue. The allegations in the complaint, fairly read, present an independent claim by the organizations based on the alleged facial unconstitutionality of the disciplinary rules. The complaint avers that the organizations are not parties to the proceedings before the Ethics Committee. Therefore, under the law in this circuit at the present time, we see no basis for the suggestion made by Judge Weis at page 159 of his dissenting opinion Sur Denial of Rehearing that the district court will be obliged on remand to dismiss the suit. The New Jersey-Philadelphia Presbytery decision counsels otherwise.
 
 
 9
 Although we reaffirm our decision that abstention was unwarranted at the time Hinds brought his federal action, nothing in our opinion was intended to suggest that the New Jersey proceedings should be stayed pending the federal proceedings. The only stay of which we are aware was one issued by the district court pending appeal, a stay which defendant Ethics Committee did not challenge before us. It will apparently expire of its own when the appeal proceedings are concluded, but defendant is free to move for its removal at any time. A preliminary injunction requested by the federal plaintiffs was denied by the district court. We intimate no view of the propriety of any such injunction. In the absence of such an order, suits may proceed concurrently in state and federal forums. New Jersey Education Ass'n. v. Burke, 579 F.2d 764, 769 (3d Cir. 1978).
 
 
 10
 Much of the proposed action by the Supreme Court of New Jersey referred to in the Townsend affidavit, such as the possible formalization of procedures to allow respondents in disciplinary proceedings to raise constitutional issues and the construction of its own disciplinary rules, can proceed independent of the federal action. In a recent case we noted that even when there was a preliminary injunction directed to a New Jersey agency, the New Jersey appellate courts were free to adopt a narrowing construction which would avoid the constitutional issues and might thereby moot the need for federal injunctive relief. See New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education, supra, at 886.
 
 
 11
 Accordingly, we deny the petition for rehearing because (1) there is inadequate reason to believe that Hinds could have obtained New Jersey Supreme Court consideration of his constitutional claim when he initiated the federal action and (2) the federal action does not presently bar state court adjudication of Hinds' First Amendment claim, nor could it in any event preclude the New Jersey Supreme Court from narrowing the construction of its own disciplinary rules.
 
 
 12
 WEIS, Circuit Judge, dissenting Sur Denial of Rehearing.
 
 
 13
 In its original opinion, the majority conceded that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), abstention applies to state bar disciplinary proceedings. The panel concluded, however, that Mr. Hinds was unable to bring his constitutional challenges promptly and directly to the New Jersey Supreme Court. Because of that inhibition, the majority believed that Younger should not control.
 
 
 14
 The Townsend affidavit filed in conjunction with the petition for rehearing, however, establishes that the state supreme court is now prepared to promptly hear and rule on the Hinds case. Thus, the sine qua non of the majority's determination no opportunity for Hinds to promptly present his constitutional claims no longer exists. Consequently, we must determine whether a justiciable controversy remains, because " 'an actual controversy must exist at (all) stages of appellate ... review, and not simply at the date the action is initiated.' " Concerned Citizens of Vicksburg v. Sills, 567 F.2d 646, 649 (5th Cir. 1978), quoting Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973).
 
 
 15
 In County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), the Court said:
 
 
 16
 "(J)urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, see (United States v. W. T. Grant Co., 345 U.S. 629), 633 (73 S.Ct. 894, 897, 97 L.Ed. 1303), see also SEC v. Medical Committee for Human Rights, 404 U.S. 403 (92 S.Ct. 577, 30 L.Ed.2d 560) (1972), and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. See, e. g., DeFunis v. Odegaard, 416 U.S. 312 (94 S.Ct. 1704, 40 L.Ed.2d 164) (1974); Indiana Employment Security Div. v. Burney, 409 U.S. 540 (93 S.Ct. 883, 35 L.Ed.2d 62) (1973).
 
 
 17
 When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law."
 
 
 18
 See also Socialist Labor Party v. Gilligan, 406 U.S. 583, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972); Bagby v. Beal, 606 F.2d 411 (3d Cir. 1979).
 
 
 19
 Both of these conditions now obtain. The only issue before this court was and is the applicability of Younger v. Harris, supra. Having concluded that abstention was proper, the district court did not reach the merits of the underlying controversy, and therefore neither did we.
 
 
 20
 Even assuming that the majority's original opinion was correct, the issue on appeal as defined by the majority has become moot. Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969); see New Left Education Project v. Board of Regents of the University of Texas System, 472 F.2d 218 (5th Cir.), vacated and remanded as moot, 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973). The other appellants pursued their appeal on purely derivative grounds, and consequently, their claims also are moot. ACLU v. Bozardt, 539 F.2d 340 (4th Cir.), cert. denied, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976); cf. New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education, 654 F.2d 868 (3d Cir. 1981).
 
 
 21
 Other effects of the changed circumstances also counsel for dismissal. The majority's premise in its original opinion apparently was that the proceeding before the Ethics Committee did not constitute a judicial proceeding. That proposition, however, is not relevant given the current status of the disciplinary action. Even if the Hinds disciplinary action was not judicial in nature when the appeal was filed, it unquestionably became so when the New Jersey Supreme Court issued its current directive. As matters now stand, therefore, Younger has been given renewed vitality. Since the majority disavows any intention of undermining the precedential effect of Gipson v. New Jersey Supreme Court, 558 F.2d 701 (3d Cir. 1977), on remand, the district court must once more address the question of abstention.
 
 
 22
 Although the federal suit was filed before the state supreme court acted directly, that chronology does not per se resolve the issue. In Hicks v. Miranda, 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975), the Court held that the principles of Younger apply in "full force" when state proceedings are begun "after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court."
 
 
 23
 The activity in the district court to this point has been devoted to determining whether Younger applies, rather than focusing on the merits of the constitutional arguments advanced by Mr. Hinds and the other plaintiffs. Therefore, on remand the district court will no doubt conclude it had not entertained any proceedings of substance on the merits, and consequently feel obliged once more to honor Younger and dismiss the suit.
 
 
 24
 Although the normal procedure would be to remand to the lower court for reconsideration of the Younger issue as it now stands, since correct resolution of the issue is clear, judicial economy is better served by dismissal now. In re Hronek, 563 F.2d 296, 298 (6th Cir. 1977). If not, the proceedings here will have much in common with "The Grand Old Duke of York" of nursery rhyme fame,"He had 10,000 men, he marched them up a very high hill and he marched them down again. And when he was up he was up and when he was down he was down and when he was only half way up he was neither up nor down."
 
 
 25
 The issue on which the majority decided this case has simply vanished. The action of the New Jersey Supreme Court has effectively removed the matter in controversy before us. Therefore, unless the majority finds merit to the "bad faith" exception to Younger, which the district court rejected, the effective legal relief that the panel could have granted, based on the premise it applied here, no longer obtains. The matter is no longer justiciable. See In re Gerard J. Cantwell, 639 F.2d 1050 at 1053 (3d Cir. filed Feb. 4, 1981). Since final judgment has not yet been entered, this court should remand to the district court for dismissal on the ground of mootness.
 
 
 
 *
 Judges Gibbons and Garth did not participate in the consideration of this matter