**LISTON MONSANTO and MARIO LIMA, Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 188/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31, 1984

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for plaintiffs*

TERRYLN P. MEYERS, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This Court is called upon to determine the following issues: (1) whether the hiring of Mr. John J. Ferrant (Ferrant), allegedly con-

trary to the guidelines set forth in the Personnel Merit System, 3 V.I.C. § 451 et seq., (System), gives rise to a tort; (2) if so, whether the plaintiffs should be permitted to file a late claim under the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408 et seq., (1970), (Act); (3) whether Ferrant's departure from the Government renders the plaintiffs' underlying claim for declaratory and injunctive relief moot; and (4) whether the Government's employment of Ferrant by contract in the Virgin Islands Bureau of Internal Revenue (Bureau) to the position of Chief of the Delinquent Accounts and Return (Chief of the D.A.R.), a classified position within the System, is valid. For the reasons set forth below, the Court holds (1) that the hiring of Ferrant, even if contrary to the guidelines set forth in the System, does not give rise to an action in tort as contemplated by the Act; (2) that there being no tort, plaintiffs' motion to file a late tort claim will be denied summarily; (3) that Ferrant's departure from the Government service does not render the plaintiffs' underlying claim for declaratory and injunctive relief moot; and (4) that the Government's employment of Ferrant, by contract, in the Bureau to the position of Chief of D.A.R., a classified position within the System, is valid.

## II. FACTS

On August 22, 1980, Act No. 4473, now codified as 33 V.I.C. § 680 et seq., created the Bureau. The plaintiffs, Liston Monsanto and Mario Lima, at the time of the filing of this case, were classified Revenue Officers within the Bureau.[1]

Sometime in April of 1981, the Government of the Virgin Islands (Government), hired Ferrant, by contract, to fill the vacancy of Chief of the D.A.R. The position of Chief of the D.A.R. was and still is a classified position within the System. The hiring of Ferrant by contract and the alleged noncompliance with the procedures as outlined in the System gave rise to an administrative action.[2] Plaintiffs, aggrieved by the administrative decision of the Government

---

[1] 3 V.I.C. § 451a (Supp. 1982) divides the classification of personnel into two categories: career service and positions exempted from career service. Those positions which are not exempt automatically fall into the classified or career service category, pursuant to 3 V.I.C. § 451a(c) (Supp. 1982).

[2] Under 3 V.I.C. §§ 521–526, the procedures require that all appointments and promotions to positions in the classified service be made on the basis of merit and fitness to be ascertained by competitive examinations.

The entrance and promotion tests must be conducted by the Director of Personnel who must thereafter compile a resulting list not later than thirty days after the date the test was given. The Director of Personnel must also give writ-

Employees Service Commission (GESC), brought an action for a writ of review in the District Court of the Virgin Islands against the GESC and the Government. The District Court, in an order dated February 8, 1982, among other things, dismissed the Government, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, as a party for lack of subject matter jurisdiction because the action was before it exclusively on a writ of review of the administrative decision of the GESC pursuant to 5 V.I.C. App. V, R. 11 and 5 V.I.C. § 1422. Whereupon the plaintiffs, on March 2, 1982, instituted the instant action against the Government seeking declaratory and injunctive relief. On or about March 30, 1982, Ferrant left the Bureau. Subsequently, on June 25, 1982, plaintiffs filed a motion seeking leave of Court to file a late tort claim.

## III. DISCUSSION

### A. *Alleged Tort*

The plaintiffs contend that the Government acted contrary to the System when it hired Mr. Ferrant, by contract, to fill a classified position. Furthermore, they contend the System does not afford plaintiffs a remedy for the Government's wanton, willful, and malicious violation of the System's statutory provisions. Accordingly, plaintiffs contend that their claim is actionable as a tort pursuant to Restatement (Second) of Torts § 874A which may be redressed through the Act.

Restatement (Second) of Torts § 874A states that:

> [w]hen a legislative provision protects a ·class of persons by *proscribing or requiring certain .conduct but does not provide a civil remedy for the violation,* the court *may* if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action. (Emphasis added.)

---

ten notice to the test taker of his final earned rating and his relative standing on the list.

Whenever a department head wishes to fill a vacancy in the classified service, he must submit a statement to the Director of Personnel showing the position to be filled and the duties of the position. The Director of Personnel then certifies to the appointing authority the names of three eligibles for the position.

Upon receiving certification of eligibles, the appointing authority, after consultation with the department head, shall appoint one of the persons whose name was certified.

The Government, on the other hand, contends that the Act is not the mechanism through which a government employee aggrieved by a violation of the System can obtain relief. The Legislature of the Virgin Islands, it argues, did not "waive the sovereign immunity of the territory from suit in employee matters." Furthermore, the Government asserts that, pursuant to 3 V.I.C. § 531, the GESC is the vehicle through which the plaintiffs, aggrieved government employees, can have such personnel matters reviewed, and the decision rendered there is their exclusive remedy.[3]

■ ■ The Government's sovereign immunity was waived by passage of the Tort Claims Act. However, the liability assumed was only with respect to *"injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands* while acting within the scope of his office or employment . . . ."* (Emphasis added.) Upon a showing that the cause of action falls within the purview of the Act, the party must strictly adhere to the procedural requirements of the Act. V.I. Telephone Corp. v. Government, 13 V.I. 405 (Terr. Ct. 1977). In the case at bar, the plaintiffs have failed to show that their claim falls within the purview of the Act. The plaintiffs do not allege an injury or loss of property or personal injury or death as required in 33 V.I.C. § 3408. Instead, they allege a violation of a legislative provision which expressly provides an appropriate civil remedy to redress the harm complained of. Section 874A of the Restatement of Torts, upon which the plaintiffs rely, is triggered only when the legislative provision in question does not provide a civil remedy. Such is not the case here. Accordingly, the plaintiffs' motion for leave to file a late tort claim will be denied summarily since the Court has concluded that there has been no tort.

B. *Mootness*

On March 2, 1982, the plaintiffs instituted the instant action against the Government seeking, inter alia, to have the Court declare the contract between Ferrant and the Government null and void ab initio and to have the Court grant various injunctive relief. On or about March 30, 1982, Ferrant left the Government's employ. The question which the Court raises sua sponte is whether Ferrant's departure from the Government renders the plaintiffs' claim for

---

[3] While the plaintiffs are required to exhaust their administrative remedies, judicial review is available thereafter. Hence, the Government's argument that the administrative *remedy* is plaintiffs' exclusive remedy is misplaced. See, Turnbull v. Holder, 11 V.I. 93 (D.V.I. 1974); 5 V.I.C. § 1421.

declaratory and injunctive relief moot.[4] The Court concludes it does not.

■ The United States Supreme Court in County of L.A. v. Davis, 440 U.S. 625 (1979) established a two-prong test to determine when a case is moot. First, whether "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur," and, second, whether "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. at 631. Accord, Garden State Bar Ass'n v. Middlesex County Ethics Comm., 651 F.2d 154 (3d Cir. 1981).

■ Applying the foregoing two-prong test to the facts of this case, the Court finds that neither of the two conditions has been met. The mere fact that Ferrant has left the Government's employ "does not deprive the [Court] of the power to hear and determine the case." United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953). There still remains a controversy between the parties with respect to the Government's authority to hire certain personnel by way of contract rather than through the statutory procedures outlined in the System (3 V.I.C. § 521 et seq.). See, Walling v. Helmerich & Payne, 323 U.S. 37, 42–43 (1944). Accordingly, the doctrine of mootness is inapplicable to this matter.

C. *The Statutes*

When first enacted on August 22, 1980, § 681(c) of Act No. 4473 contained the following language:

> The Bureau shall have the power and it shall be its duty to . . . employ personnel, subject to laws applicable to the Virgin Islands Personnel Merit System to assist in carrying out its power and duties.

However, on September 26, 1980, a mere 35 days after the Legislature amended that section to its present codified language in 33 V.I.C. § 681(c), which states that

> The Bureau shall have the power and it shall be its duty to . . . employ personnel, *on contract or subject to laws applicable to the Virgin Islands Personnel Merit System* to assist in carrying out its powers and duties. (Emphasis added.)

---

[4] Plaintiffs' prayer for declaratory and injunctive relief is properly before the Court pursuant to 5 V.I.C. §§ 1261, 1262, and 1268 (1967) as the GESC is without statutory authority to grant such relief.

Plaintiffs' prayer in their complaint that the Court declare the contract between Ferrant and the Government null and void ab initio is grounded on the theory that the Government acted contrary to the System's provisions with respect to, inter alia, competitive examinations. In light of the present language of 33 V.I.C. § 681(c), this contention is without merit.

 It is well-settled that, where two statutes contain provisions with respect to the same subject matter, the latest of the two enactments is controlling to the extent that there is an inconsistency between them. Adkins v. Arnold, 235 U.S. 417 (1914); American Home Assurance Co. v. DeFreitas, 18 V.I. 26, 29 (D.V.I. 1980). Hence, in the instant case, to the extent that there is an inconsistency between the provisions of 33 V.I.C. § 681(c) (Supp. 1982) with respect to the Bureau being able to employ personnel by contract and the procedures outlined in the System (3 V.I.C. §§ 521–526), the provisions of 33 V.I.C. § 681(c) are controlling as they are the latest legislative enactment. Furthermore, "[i]f a statute is explicit and unambiguous in its language and intent, judicial interpretation . . . is improper. Interpretation is appropriate [only] where a challenged statutory provision might reasonably bear two or more constructions." Government v. Thomas, 9 V.I. 17, 21 (Mun. Ct. 1971). Such is not the case here.

 The language of § 681(c) is written in the disjunctive. "Canons of construction ordinarily suggest that the terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise." Reiter v. Sonotone Corp., 442 U.S. 330, 340 (1979). The Legislature amended the language of § 681(c), a mere 35 days after its initial enactment, to allow the Bureau to hire personnel by contract. There should be no doubt that this amendment to § 681(c) is indicative of a legislative intent to change existing law. See, Ali v. Gibson, 16 V.I. 426, 445; 483 F.Supp. 1102, 1111 (D.V.I. 1979); cert. denied 449 U.S. 1129. This conclusion is further supported by the legislative findings that "a maximum effort is required to improve the assessment and collection of all taxes owed the Government . . . under its existing tax laws." It was in furthering that goal that the Legislature empowered the Bureau with the authority not only to hire personnel subject to the laws applicable to the System, but also to hire them on contract, if necessary. That is what the Bureau did when it hired Ferrant on contract—nothing more, nothing less.

## IV. CONCLUSION

Since the hiring of Ferrant by contract does not give rise to an action in tort as contemplated by the Act, the plaintiffs' motion to file a late tort claim will be denied summarily. Further, the Plaintiffs' underlying claim for declaratory and injunctive relief will be dismissed since the Court concludes that the Government's employment of Ferrant, by contract, in the Bureau to the position of Chief of the D.A.R., a classified position within the System, is valid.

## ORDER AND DECLARATORY JUDGMENT

Based on the foregoing Memorandum Opinion of even date, it is

ORDERED that plaintiffs' motion to file a late tort claim, pursuant to 33 V.I.C. § 3409(c) is DENIED; and it is

DECLARED that the Government's employment of Ferrant, by contract, in the Bureau to the position of Chief of the D.A.R., a classified position within the System, is VALID; and it is further

ORDERED that plaintiffs' complaint is DISMISSED WITH PREJUDICE; and it is further

ORDERED that each party bears its own costs and attorney's fees.