Gary G. GRAHAM, Plaintiff,

v.

J. Klein WIGGINTON, et al., Defendants.

No. 93–137–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

April 20, 1993.

Michael Leo Kinney, Kinney, Fernandez & Boire, P.A., Tampa, FL, for plaintiff.

George Lee Waas, Atty. General's Office, Department of Legal Affairs, Tallahassee, FL, for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, District Judge.

In this action for declaratory and injunctive relief under 42 U.S.C. §§ 1983, 1988, Plaintiff, The Honorable Gary Graham, seeks to stop disciplinary proceedings brought against him by the Florida Judicial Qualifications Commission (FJQC). Plaintiff alleges that the proceedings against him have violated his Fourteenth Amendment rights and infringe upon his Fifth Amendment rights. The case is presently before this Court on Defendants' Motion to Dismiss. (DKT.

1. Plaintiff contends that he had only 32 days to prepare to rebut some 33 charges of misconduct. Further, Plaintiff also submits that the time set aside for him to explain or refute the 33 charges, 3 hours, is inadequate.

2. Plaintiff fears that there is a threat of criminal prosecution should he testify and until that threat is eliminated he will be unable to defend against the charges. This Court will not address whether this specific allegation amounts to an actionable claim because the entire suit will be dismissed pursuant to the *Younger* abstention.

   However, this Court notes that in order for Plaintiff to be held in contempt for failing to answer FJQC questions that the Commission would have to institute a separate action in "the Circuit Court of the County in which the contemptuous act was committed, alleging the spe-

# 11). For the following reasons, this Court finds that Defendants' motion should be GRANTED.

## I. BACKGROUND

Plaintiff, The Honorable Gary Graham, brought this suit seeking injunctive and declaratory relief against the Defendants, members of the FJQC and those active in the FJQC's proceedings against Plaintiff. The FJQC was investigating numerous charges of judicial misconduct on the part of Plaintiff when he filed the present action in this Court on January 25, 1993. Plaintiff's central contentions are: (1) that the FJQC proceedings violate his due process rights by not allowing him enough time to prepare for the hearing,[1] (2) that he intends to exercise his Fifth Amendment right against self-incrimination and that his exercising of that right will prevent him from reasonably defending himself,[2] (3) and that members of the FJQC may be biased against him.[3] Based on these contentions Judge Graham seeks this Court's intervention in the ongoing quasi-judicial proceeding by the Judicial Qualifications Commission.

## II. DISCUSSION

Defendants suggest that this case should be dismissed based upon either the *Younger* abstention or under the *Rooker–Feldman* doctrine. As this Court finds that the FJQC proceedings are ongoing,[4] we believe that the *Rooker–Feldman* doctrine is inapplicable at this time.[5] However, we do find that the

cific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms the basis of an alleged contempt of the Commission." Fla.Jud. Qual.Comm'n R. 27. There is no record that such an action has been filed.

3. Plaintiff also filed for a Temporary Restraining Order (TRO) enjoining the FJQC proceeding. That TRO request was denied by order of Judge Merryday on January 29, 1993. (DKT # 8).

4. *See* discussion *infra* part II.A.1.

5. The *Rooker–Feldman* doctrine essentially states that,

   [L]ower federal courts possess not power whatever to sit in direct review of state court decisions. If the constitutional claims present-

*Younger* abstention applies to the instant suit.

### Younger *Abstention*

■ The *Younger* abstention is based on the principle of equitable restraint described by the *Younger* Court as the notion of "comity." Comity includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971), *quoted in Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1981).[6]

■ The *Younger* abstention effectively bars federal district courts from interfering with certain ongoing state proceedings. There are essentially three issues that must be addressed in order to invoke the *Younger* abstention: (1) whether the action constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex County*, 457 U.S. at 432, 102 S.Ct. at 2521. If those questions are answered affirmatively then the *Younger* abstention applies unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 435, 102 S.Ct. at 2523.

### 1. Ongoing state judicial proceeding

The first issue, then, is whether the present FJQC proceeding against Plaintiff constitutes an ongoing state judicial proceeding. Judge Graham challenged the FJQC proceeding before its conclusion, attempting to enjoin it through this present Federal Court action. The proceeding is "ongoing."

Further, the quasi-judicial proceeding instituted by the FJQC against Judge Graham in this case is similar to disciplinary proceedings instituted by state bar associations against member attorneys. Such disciplinary proceedings have uniformly been considered sufficiently judicial in nature to invoke the *Younger* abstention. *See e.g., Middlesex County Ethics Comm. v. Garden State Bar*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1981). "Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Id.* at 432, 102 S.Ct. at 2521 (citing *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (concerning State attachment process); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (involving State's contempt process)). The FJQC is a body, authorized by the Florida Constitution Article V, section 12, whose proceedings are conducted according to the Florida Judicial Qualifications Commission Rules, supplemented by the Florida Rules of Appellate Procedure. The present, ongoing FJQC proceeding is sufficiently judicial in nature to establish the first prong of the *Younger* abstention troika.

---

ed to a United States district court are inextricably intertwined with state court's denial [of a claim] in a judicial proceeding ... then the district court is in essence being called on to review the state-court decision. This the district court may not do. *Liedel v. Juvenile Court*, 891 F.2d 1542, 1545 (11th Cir.1990) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483–84 n. 16 [103 S.Ct. 1303, 1316 n. 16, 75 L.Ed.2d 206] (1983). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

**6.** Another important reason for abstention is to avoid unwarranted determination of federal

constitutional questions. When federal courts interpret state statutes in a way that raises federal constitutional questions, "a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless."
*Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1986) (quoting *Moore v. Sims*, 442 U.S. 415, 432, 99 S.Ct. 2371, 2381, 60 L.Ed.2d 994 (1979); *Trainor v. Hernandez*, 431 U.S. 434, 445, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977)).

## 2. Important state interest

The *Younger* abstention has traditionally been applied to pending criminal proceedings in state court, however it has been extended to cover civil proceedings where an important or vital state interest is involved. *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1986).

> This concern [comity] mandates application of *Younger* abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceedings are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government. *Id.*, (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–05 [95 S.Ct. 1200, 1207–08, 43 L.Ed.2d 482] (1975)).

The second issue then, is whether the FJQC proceedings implicate an important state interest.

As noted in the previous discussion, FJQC proceedings are similar in nature to state bar disciplinary proceedings. Courts have uniformly found state bar disciplinary proceedings to constitute an important state interest. *See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1981); *see also Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (involving State's contempt process). Proceedings regarding the discipline of state court judges constitute at least as important a state interest as state bar proceedings. "The importance of the state interest in the pending state judicial proceedings and in the federal case calls *Younger* abstention into play." *Id.* 457 U.S. at 435, 102 S.Ct. at 2522.

## 3. Adequate opportunity to raise constitutional challenges

The third issue is whether Judge Graham has an adequate opportunity to raise his constitutional challenges in the FJQC proceeding. The Supreme Court has stated that, "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1981) (quoting *Moore v. Sims*, 442 U.S. 415, 426, 99 S.Ct. 2371, 2379, 60 L.Ed.2d 994 (1979)); *see also Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1986) (noting that the federal plaintiff has the burden of showing that state procedural law barred presentation of its claims).

In the case at hand state procedural law provides ample opportunity for Judge Graham to present his constitutional challenges. Plaintiff contends that the FJQC is "unconstitutionally biased" against him. However, the Florida Judicial Qualifications Commission Rules ("Rules") provide a simple procedure for disqualifying potentially biased members. Fla.Jud.Qual.Comm'n R. 26.

Plaintiff also contends that the proceedings violate his Fifth and Fourteenth Amendment rights in that he has inadequate due process protection. This Court first notes that Plaintiff's complaint stems more from the FJQC's implementation of the procedural guidelines in his case, than from constitutional challenges to the procedural Rules themselves. However, regardless of the tact that Plaintiff takes, the Rules provide ample procedural safeguards. The Rules provide for a hearing, Fla.Jud.Qual.Comm'n R. 13; certain specific procedural rights of a judge before the FJQC, Fla.Jud.Qual.Comm'n R. 16; and special procedures concerning contempt charges, Fla.Jud.Qual.Comm'n R. 27, in addition to other general safeguards.

Furthermore, should a party object to the FJQC's implementation of the Rules, Rule 22 provides for Supreme Court review of Commission proceedings following the Florida Appellate Rules. Finally, Rule 21 provides that FJQC recommendations be certified to the Florida Supreme Court, and, in addition to the findings and conclusions of the FJQC, a transcript of the FJQC proceedings must be included for the Florida Supreme Court's review. In the instant case Judge Graham was explicitly given the opportunity to preserve his objections to the proceedings in the transcript.

As the Supreme Court stated in *Middlesex County*, "the ... pertinent inquiry is wheth-

er the state proceedings afford an adequate opportunity to raise the constitutional claims....'" 457 U.S. at 432, 102 S.Ct. at 2521 (quoting *Moore v. Sims,* 442 U.S. 415, 430, 99 S.Ct. 2371, 2380, 60 L.Ed.2d 994 (1979)). This Court finds that the FJQC proceedings provide Plaintiff with an adequate opportunity to raise his constitutional claims.

Having found that the basic elements for invoking the *Younger* abstention are present in this case, this Court turns to the question of whether bad faith, harassment, or some other extraordinary circumstance is involved. Based on a careful review of the pleadings this Court does not find that the FJQC undertook these actions in order to harass Plaintiff, nor do the pleadings show bad faith on the part of the FJQC. Finally, the pleadings do not allege such extraordinary circumstances that would allow exception to the *Younger* abstention. *See Rosenthal v. Carr,* 614 F.2d 1219 (9th Cir.1980); *Anonymous v. Association of the Bar,* 515 F.2d 427 (2d Cir.1975). Therefore, the *Younger* abstention applies to this case without exception.

## III. CONCLUSION

Plaintiff chose to try and vindicate his rights in Federal Court rather than use the state system with which he was already involved. This court simply cannot hear his case at this time, while the issues are before an ongoing, quasi-judicial state proceeding that provides Judge Graham with ample opportunity to present his constitutional challenges. Therefore, pursuant to the *Younger* abstention this case is dismissed. Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss is **GRANTED.**

**DONE AND ORDERED.**